**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4729

LESTER ALFONZA WINSTEAD,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-95-232)

Submitted: February 24, 1998

Decided: March 17, 1998

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, Greens-
boro, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Timika Shafeek, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lester A. Winstead was convicted by a jury of robbery of a post office, 18 U.S.C.A. § 2114 (West Supp. 1997). He appeals his conviction and eighty-four month sentence, claiming that the district court erred in denying his motion to dismiss the indictment, denying his motion to suppress a pretrial identification, and enhancing his sentence for use of a dangerous weapon, USSG § 2B3.1(b)(2)(D).**1** We affirm.

I.

Winstead's indictment charged in Count One that he"did assault a person having lawful charge, custody and control of United States mail matter, money and other property of the United States, and did rob, such person of said money." In Count Two, Winstead was charged with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A.§ 924(c) (West Supp. 1997). Winstead moved to dismiss Count One of the indictment based on the failure of the Government to allege criminal intent. The motion was denied, and trial by jury was had.

At trial, the evidence showed that Winstead entered the post office, while his co-defendant Leroy Clayton, Jr., waited in the car. Winstead carried an object covered with a towel. He pointed it at the clerk and said, "I have a gun. I want the money. Just give me the money." When the clerk opened the cash drawer, Winstead leaned over the counter and poked the clerk with the object as he began grabbing bills. The clerk testified that she glimpsed part of the object under the towel when Winstead leaned over the counter and that it appeared to her to be a gun barrel. The object carried by Winstead was not recovered.

_____

**1** **U.S. Sentencing Guidelines Manual** (1995).

In his statement to the police, Clayton first said he did not know what Winstead had carried; later he said it was a sheetrock hatchet.

The jury returned a guilty verdict as to Count One but were deadlocked on the firearm charge. The court declared a mistrial as to Count Two, and the Government subsequently dismissed the charge. At sentencing, the district court determined that a four-level enhancement was in order because Winstead displayed an object which appeared to be a dangerous weapon.

II.

Winstead first argues that his indictment failed to include a formal, express allegation of criminal intent. We are not so persuaded. The Supreme Court, in Hagner v. United States, 285 U.S. 427, 431 (1932), held that the test of the sufficiency of an indictment was whether it contained all the elements of the offense charged. Here, the indictment, for all practical purposes, traced the exact language of the statute. An indictment which follows the language of the statute is ordinarily sufficient unless the statute omits an essential element of the offense. See United States v. Guthrie, 387 F.2d 569, 571 (4th Cir. 1967).

The term "rob" implies, by its very legal nature, some kind of willful purpose and wrongful intent in the violent taking of property. See United States v. Lester, 541 F.2d 499, 501-02 & n.4 (5th Cir. 1976) (discussing conversion). The purpose of the indictment in criminal proceedings is to apprise the defendant of the charges he must be prepared to meet and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). We agree with the Government that the allegation "did rob" could not have confused the defendant. We find that the indictment in this case was sufficient to apprise the defendant of the charges against him and sufficient to imply an allegation of wrongful intent.

III.

Winstead also assigns as error the district court's denial of his motion to suppress the clerk's pre-trial identification of him. Immedi-

ately after the robbery at issue, the clerk gave the Sheriff a description of the vehicle, the license plate, the suspect, and his clothing. The Sheriff determined that the vehicle used during the robbery was registered to Winstead's mother. Winstead's mother gave the Sheriff a photograph of Winstead, which the Sheriff took back to the post office to show the clerk. According to the Sheriff's testimony, he told the clerk, "[t]his is for the process of elimination. Is it or is not this the person who robbed you?" The clerk stated,"That's him."

The clerk testified at the suppression hearing that, during the robbery, a three and one-half foot tall, three foot wide counter separated her from Winstead. Winstead was in the post office approximately three minutes. His face was "clearly visible," and the post office was lighted by florescent and natural daylight. As soon as Winstead left, the clerk wrote down the identifying information. The clerk viewed the photograph of Winstead twenty-five to thirty minutes after the robbery. At the suppression hearing, the clerk reaffirmed her certainty that Winstead was the man who robbed her.

The Due Process Clause protects a suspect from unnecessarily suggestive identification procedures. See Manson v. Brathwaite, 432 U.S. 98, 104 (1977). To sustain a challenge to an identification, the defendant must first show that the procedure used to elicit it was impermissibly suggestive. See id. at 110-14. If the defense meets this burden, the court must determine whether the identification may be held reliable even though the pretrial identification procedure was suggestive. See United States v. Dorta, 783 F.2d 1179, 1183 (4th Cir. 1986). In assessing reliability, the district court should balance the following factors: (1) the witness's opportunity to view the suspect during the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's description of the suspect; (4) the witness's level of certainty; and (5) the amount of time elapsed between crime and identification. See Manson, 432 U.S. at 114.

The trial court did not err in failing to suppress the clerk's identification of Winstead. While the Government concedes that the identification procedure was suggestive, we find that the totality of the circumstances, including the clerk's opportunity to observe the robber, her contemporaneous, accurate description of the defendant, and

4

her certainty as to her identification, show that the clerk's pretrial identification was sufficiently reliable.

IV.

Finally, Winstead argues that the sentencing enhancement should be disallowed because the jury acquitted him of the firearm charge. While Winstead concedes that acquitted conduct may be the basis for a sentencing enhancement, see, e.g., United States v. Hunter, 19 F.3d 895, 897 (4th Cir. 1994), he asserts that the Government failed to prove that he had a firearm.

We agree that the enhancement was proper. Under USSG § 2B3.1(b)(2)(D), a four-level increase is made if a dangerous weapon was used.[2] The term "dangerous weapon" is defined in Application Note 1(d) to USSG § 1B1.1, which directs that when a object was displayed or brandished which resembled an instrument capable of causing death or serious injury, the object should be treated as a dangerous weapon. The clerk testified that Winstead carried an object that looked like a gun. In fact, Winstead told her he had a gun, and he carried the object as though it were a gun. He also pointed the object at the clerk and poked her in the stomach with it. Given this testimony, the district court did not err in enhancing Winstead's sentence.

V.

Accordingly, we affirm Winstead's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[2] USSG § 2B3.1(b)(2)(C) provides a five-level enhancement if a firearm was brandished, displayed or possessed. Winstead's sentence was not enhanced under this section.

5